

**Judge Hellerstein**　**05 CV 2605**

**DOC #** 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NEZMIJE DEMIROVIC,

      Plaintiff,

  v.

BUILDING SERVICE 32B-J PENSION FUND
 and THE BOARD OF TRUSTEES of the
BUILDING SERVICE 32B-J PENSION FUND,

      Defendants.
------------------------------------------------------------X

COMPLAINT

Civil Action No.

   Plaintiff, NEZMIJE DEMIROVIC, by her attorneys, *Fusco, Brandenstein & Rada, P.C.*, complaining of defendants, alleges:

   1. This action is governed by the Employee Retirement Income and Security Act of 1974 ["ERISA"], as amended, 29 U.S.C. §§ 1001 *et seq.*, specifically under 29 U.S.C. §1132(a)(1)(B), since plaintiff is a "participant" seeking to enforce her rights to recover benefits under a group Long Term Disability ["LTD"] Plan, which thus raises a federal question, and comes under the jurisdiction of this Court, as provided by 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(i).

   2. Plaintiff currently and at all times relevant to consideration has resided at 60-05 79th Street, Apartment 1, Middle Village, New York 11379.

   3. Defendants share a principal office at 101 Avenue of the Americas, New York, New York 10013-1906, within the Southern District of New York.



1

4. Plaintiff worked as night cleaner for some 340 months, was a union member, and is fully vested for benefits available through the BUILDING SERVICE 32B-J PENSION FUND ["the FUND"].

5. Plaintiff made claim for Disability Pension with the FUND on or about September 9, 2003, indicating that she last worked on May 9, 2003.

6. By notice dated August 8, 2003, the Social Security Administration awarded disability benefits and found that she became disabled on May 9, 2003. Disability is defined by Social Security, 42 U.S.C. § 423(d)(1), as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months

7. The Fund issued a Summary Plan Description ["SPD"] dated January 2002 to participants in which it states (page "6"):

> You are eligible for a Disability Pension if you have at least 120 months of Service Credit and you become totally and permanently disabled after January 1, 1981, while working in Covered Employment.
> Total and permanent disability is the inability to work in any capacity, as determined in the discretion of the Trustees or persons they designate. You will not satisfy this definition of total and permanent disability just because you are unable to continue working at your usual occupation; you must be unable to perform any gainful employment to be considered totally and permanently disabled under this Plan

8. The SPD states (page "14") that pension benefits are payable on the first day of the month following the date that proper application is made and eligibility is established, which would here be October 1, 2003.

2

9. By letter dated February 9, 2004, the Fund denied plaintiff's claim for Disability Pension stating:

> Section 4.11 of the Pension Plan document provides that a participant is totally and permanently disabled if, on the basis of medical evidence satisfactory to the Board of Trustees, he or she is found to have become, while working in covered employment, totally and permanently <u>unable</u>, as a result of bodily injury or disease, <u>to engage in any further employment or gainful pursuit.</u>

10. Plaintiff, through her attorney at that time (David Kuznicki, Esq.), appealed by letter dated June 8, 2004 and submitted additional documentation under cover of letter dated October 29, 2004.

11. Plaintiff attended examinations arranged by the Fund with their consulting physicians on October 20, 2003 and September 20, 2004.

12. A hearing was held before the Trustees' Appeal Committee on December 7, 2004.

13. The Fund then denied plaintiff's administrative appeal by letter dated December 13, 2004, reiterating the requirements of "Section 4.11 of the Pension Plan document" (*supra* paragraph "9"), and advising that plaintiff had the right to bring a civil action under ERISA to challenge its determination.

14. The decision to deny plaintiff's claim for Disability Pension was arbitrary and capricious and not based upon substantial evidence.

15. Plaintiff's Disability Pension benefit should be, and defendants are liable to pay, $984.00 per month, commencing October 1, 2003, continuing to date, and for long as she shall remain disabled.

3

WHEREFORE, plaintiff, NEZMIJE DEMIROVIC, requests Judgment against defendants:

 (a) (1) to pay her $15,744.00 in past due benefits to date;

   (2) to pay $984.00 per month as continuing benefits for so long as she remains disabled; and

   (3) to provide all other fringe benefits and privileges applicable and provided to other fully vested Disability Pension beneficiaries under the Fund;

 (b) ordering defendants to pay pre-judgment interest at the prevailing legal rate on retroactive sums due and owing since December 17, 2004 (that is 45 days after plaintiff's administrative appeal with supporting documentation was received by defendants);

 (c) ordering defendant to pay for court and other costs borne by plaintiff in maintaining this action;

 (d) ordering defendant to pay for plaintiff's reasonable attorney fees pursuant to 29 U.S.C. § 1132(g)(1); and

 (e) any other relief which may seem just and proper.


Dated: Hempstead, New York
   February 1, 2005

       Yours,

       Fusco, Brandenstein & Rada, P.C.
       Attorneys for Plaintiff
       180 Froehlich Farm Boulevard
       Wodbury, New York 11797
       (516) 496-0400

       By: _____
         Aba Heiman, Esq. (AH-3728)