NOTARY PUBLIC
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NEZMIJE DEMIROVIC                              :

         v.                              :

BUILDING SERVICE 32B-J PENSION FUND    :
and THE BOARD OF TRUSTEES OF THE       :
BUILDING SERVICE 32B-J PENSION FUND    :
------------------------------------------------------------------X

**STATEMENT OF MATERIAL
UNDISPUTED FACTS**

Docket No. 05-CV-2605
(AKH)(KNF)

Building Service 32B-J Pension Fund and the Board of Trustees of the Building Service 32B-J Pension Fund ("Fund"), by their attorneys Raab, Sturm & Goldman, LLP, submit the following statement of material undisputed facts, p`rsuant to Local Rule 56.1(a) of the Southern District of New York:

1. This action is brought under ERISA for disability benefits against a multi-employer benefit fund.

2. The Pension Fund is a jointly administered benefit plan established pursuant to the Taft-Hartley Act, 29 U.S.C. 186. It is administered by an equal number of union and management trustees. It is governed by a Declaration of Trust and Plan. (Smith Affidavit, paragraph 3, Exhibit "A".)

3. A Summary Plan Description sets forth the benefits provided by the Fund pursuant to the Plan, which include a monthly payment to participants who become totally and permanently disabled. (Smith Affidavit, paragraph 4, Exhibit "B").

4. The Plan defines a total and permanent disability as the inability, resulting from bodily injury or disease, to engage in any further employment or gainful pursuit. (Smith Affidavit,

paragraph 5, Exhibit "B".)

5.      The Plan grants to the Trustees the sole reserved right to judge the standard of proof

        necessary to qualify for a disability pension. (Smith Affidavit, paragraph 6, Exhibit "B").

6.      In September 2003, Plaintiff applied to the Fund for a disability pension. Her application

        was accompanied by an attending physician's statement of disability and a Notice of Award

        from the Social Security Administration, granting her Social Security disability. (Smith

        Affidavit, paragraph 8-9, Exhibits "C", "D", "E", "F" and "G".)

7.      Plaintiff was referred by the Fund office for disability evaluation by an outside physician.

        (Smith Affidavit, paragraph 10, Exhibit "H".)

8.      The evaluating physician examined Plaintiff and issued a report to the Fund, concluding

        that Plaintiff had a temporary, moderate partial disability and was presently able to work

        in a sedentary capacity. (Smith Affidavit, paragraph 11-12, Exhibit "I".)

9.      Plaintiff's treating physician sent a second statement to the Fund, concluding that Plaintiff

        was totally disabled. (Smith Affidavit, paragraph 13, Exhibit "J".)

10.     Plaintiff was sent written notice of denial of her claim. The letter set forth the relevant Plan

        provisions; the basis for the denial; Plaintiff's right to access to all relevant documents; and

        a description of her appeal rights.  (Smith Affidavit, paragraph 14, Exhibit "K".)

11.     In response to Plaintiff's request, the Fund furnished Plaintiff with all documents relevant

        to the denial of her claim. (Smith Affidavit, paragraph 15-16, Exhibits "L" and "M".)

12.     Plaintiff appealed the denial of her claim on June 18, 2004.  (Smith Affidavit, paragraph 17,

        Exhibit "N".)

13.     Plaintiff was thereupon evaluated by a second outside specialist. The specialist issued a

detailed report to the Fund, concluding that due to Plaintiff's bilateral knee impairments, she was able to perform sedentary work only for six hours per day. (Smith Affidavit, paragraphs 18-20, Exhibits "O" and "P".)

14.    Plaintiff's attorney was provided with the Fund's complete file on Plaintiff's claim. (Smith Affidavit, paragraph 21, Exhibit "Q".)

15.    Plaintiff's attorney submitted a set of medical reports and test results. (Smith Affidavit, paragraph 22, Exhibit "R".)

16.    On December 7, 2004, Plaintiff appeared before the Fund's Appeals Committee, represented by counsel, and with her son acting as translator. Plaintiff's attorney presented Plaintiff's claim in full, and all previously submitted medical evidence was before the Committee. (Smith Affidavit, paragraph 23.)

17.    By letter dated December 13, 2004, Plaintiff was advised that her appeal was denied. The letter set forth the relevant Plan provision; the evidence upon which the decision was based, as well as all other evidence considered by the Committee; and Plaintiff's right to challenge the decision in a court of law. (Smith Affidavit, paragraph 24, Exhibit "S".)

Dated:  New York, New York
        September 14, 2005

                                    RAAB, STURM & GOLDMAN, LLP


                        By: _____
                                    Michael Geffner (MG-6785)
                                    *Attorney for Defendant*
                                    330 Madison Avenue, Suite 2010
                                    New York, New York 10017
                                    Tel. (212) 683-6699